[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15006
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00059-HLM-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES LAMAR THOMAS,
a.k.a. Chugalug Thomas,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 23, 2017)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Charles Lamar Thomas appeals the 10-year term of supervised release he received from the district court for violating the conditions of his previous term of supervised release. After careful review, we affirm.

I.

In 2010, a grand jury indicted Thomas on one count of failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). Thomas pleaded guilty to this count in 2011. According to the presentence investigation report ("PSR"), on October 13, 2010 the Bartow County Sheriff's Office confirmed Thomas had never updated his registration to reflect his 2008 move from Wisconsin to Georgia, which he was required to do by § 2250(a). Thomas was taken into custody later that day. After being read his Miranda rights, Thomas confirmed he had moved to Georgia in November 2008.

The PSR also said Thomas was first required to register as a sex offender following his 1983 conviction for first-degree sexual assault in Wisconsin, for which he was sentenced to 10-years imprisonment. After Thomas was released, his parole was revoked four times for violations that included contact with minors, leaving Wisconsin without a permit, and absconding. In 2000, Thomas was convicted of third-degree sexual assault, robbery, and false imprisonment. He was released after serving six years in prison, but his parole was revoked three times after his release.

2

For his 2011 conviction, Thomas was sentenced to 7-months imprisonment, to run concurrently with a Kenosha County Circuit Court sentence that was also imposed in 2011.  He also received 10 years of supervised release.  The conditions of Thomas's supervised release included a provision requiring him to comply with the Sex Offender Registration and Notification Act ("SORNA").  42 U.S.C. § 16911 et seq.  He was also required to notify his probation officer within 72 hours of changing his residence.  After completing his prison sentence, Thomas began his supervised release term in 2012.

In 2014, Thomas's federal probation officer filed a petition to revoke Thomas's supervised release.  The petition sought revocation on the grounds that Thomas: (1) moved his residence from Bartow County to Floyd County, Georgia on May 21, 2014 without notifying either county's sheriff's department or his state or federal probation officers, in violation of O.C.G.A. § 42-1-12 and 18 U.S.C. § 3583(d); (2) failed to follow his probation officer's instructions; (3) failed to maintain employment; (4) failed to notify his probation officers within 72 hours of changing his residence; (5) failed to abide by a special condition of his sex offender compliance contract; and (6) associated with a convicted felon without permission.  The petition mentioned that the Bartow County Sheriff's Department issued a warrant for Thomas's arrest on May 28, 2014 because he violated Georgia's Sex Offender Registry statute, O.C.G.A. § 42-1-12.  It also said

3

Thomas's federal probation officer had issued written reprimands to Thomas on three separate occasions in 2013 and 2014.

At Thomas's revocation hearing on July 5, 2016, the government said it was primarily proceeding on the allegation that Thomas failed to notify state and federal law enforcement and his probation officers when he moved from Bartow County to Floyd County.[1]  Thomas acknowledged that he pleaded guilty to a related state offense in Bartow County arising out his failure to notify state officials of his move, and he expressly declined to dispute that he violated the law. For that state conviction, he was given a 15-year sentence that included a 2-year prison sentence.  After completing the 2-year prison sentence, Thomas was transferred to federal custody for the proceeding that resulted in this appeal.

Thomas argued there were "significantly mitigating aspects" of his failure to notify officials of his move.  He said he had been evicted from an extended-stay motel in Bartow County where he was living because he could not pay the rent, so his wife took him to the neighboring Floyd County in an attempt to find him a place in a homeless shelter.  He also noted that he still had to serve 13 years of probation on his state conviction in addition to the remainder of his 10-year supervised release term in the federal system.  Finally, Thomas said he had significant health problems, including asthma, emphysema, and congestive heart

---

[1] The government said it was not pursuing revocation on the allegation that Thomas failed to maintain employment.

failure, and was not receiving proper treatment at his current place of confinement.

The government responded that the court should revoke Thomas's supervised release and impose an 18-month prison sentence followed by an additional 10 years of supervised release. Thomas replied that his violations were not blatant or willful, and were instead driven by his need to find a place to stay after he was evicted. Thomas's wife also testified in corroboration of his account. Kathy Shields, Thomas's supervising probation officer during the events relevant to this revocation petition, testified for the government. Shields said she conducted a home visit at the hotel where Thomas was living on May 21, 2014. According to Shields, Thomas told her he would be not be able to continue living at the hotel, but he did not tell her that he had to leave immediately or that he would become homeless. Shields instructed Thomas to report to her office the following day if he could not find another place to live, but he never did. After Shields's testimony, Thomas addressed the court, acknowledging that he had committed the violations raised in the revocation petition and apologizing for his actions.

The district court found Thomas guilty of violating the terms of his supervised release. It sentenced Thomas to (1) a 12-month term of imprisonment, to be served consecutively to his state sentence; and (2) 10 years of supervised release following his prison sentence. The district court said it had considered the provisions of 18 U.S.C. § 3553(a) to determine Thomas's sentence, including (1)

"the nature and circumstances of the offense"; (2) "the history and characteristics of the defendant"; (3) "the need for the sentence imposed to reflect the seriousness of the offense and to promote respect for the law and to provide just punishment for the offense"; and (4) "the need for the defendant to receive medical treatment and other correctional treatment." Thomas objected to the substantive reasonableness of his sentence.

## II.

On appeal, Thomas argues the district court abused its discretion by ordering him to serve an additional 10 years of supervised release. He says this new term of supervised release is not substantively reasonable in light of the record and the factors set forth in 18 U.S.C. § 3553(a).

When a district court revokes a defendant's supervised release and imposes a new sentence, we review the sentence for reasonableness. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam). The party that challenges the sentence bears the burden of showing the sentence is unreasonable. United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009). We examine whether a sentence is substantively reasonable in light of the totality of the circumstances. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

Under 18 U.S.C. § 3583(h):

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h). The permissible range of supervised release for failing to register as required by SORNA is five years to life. See id. § 3583(k).

A district court must consider certain factors set forth in 18 U.S.C. § 3553(a) when it determines a defendant's sentence upon revocation of supervised release. Id. § 3583(e)(3). These factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence imposed to deter criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with education or vocational training, medical care or other correctional treatment in the most effective manner; (5) the applicable guideline range; (6) pertinent policy statements; (7) the need to avoid unwarranted sentence disparities among defendants with similar records; and (8) the need to provide restitution to any victims of the offense. Id. § 3553(a). "[T]he district court does not need to discuss or state each factor explicitly." United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). "An acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." Id.

7

The weight given to any specific § 3553(a) factor is committed to the discretion of the district court.  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).  However, a district court abuses its discretion when it (1) fails to consider all factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably.  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  Unjustified reliance upon any one of the § 3553(a) factors may also indicate an unreasonable sentence.  See United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006).  On the other hand, the fact that a sentence is well below the statutory maximum penalty suggests that the sentence is reasonable.  See Gonzalez, 550 F.3d at 1324 (holding that a sentence was reasonable in part because it was well below the statutory maximum).

In this case, Thomas has failed to demonstrate that his sentence is substantively unreasonable.  First, the statutory maximum punishment Thomas faced for his failure to register as a sex offender was lifetime supervision, so the fact that his actual term of supervised release (10 years) fell well below the statutory maximum penalty (life) indicates that his sentence was reasonable.  See Gonzalez, 550 F.3d at 1324; 18 U.S.C. § 3583(k).  Second, Thomas's term of supervised release meets the goals encompassed within § 3553(a).  See 18 U.S.C. § 3583(e)(3).  Thomas's criminal history reveals repeated violations during his

earlier terms of parole, resulting in revocation of his parole at least seven times. Further, before his supervised release was revoked in this case, Thomas's federal probation officer had reprimanded him on three separate occasions.  Beyond that, Thomas has a number of convictions for failing to comply with sex offender registration requirements.  This record suggests a need for long-term supervision. Finally, although the district court arguably weighed Thomas's repeated criminal conduct more heavily than his mitigating circumstances, the weight given to each of these factors was within the district court's discretion.  See Clay, 483 F.3d at 743.  As a result, the district court did not abuse its discretion by sentencing Thomas to 10 years of supervised release.

**AFFIRMED.**